955 F.2d 41
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jack KUSHNER; Annetta H. Kushner, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 91-1119.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1992.
Decided Feb. 21, 1992.
 
 Appeal from the United States Tax Court. Arthur L. Nims, III, Tax Court Judge. (Tax Ct. No. 88-21488)
 Anne W. Mitchell, Berkowitz, Lefkovits, Isom & Kushner, Birmingham, Ala., for appellants.
 Shirley D. Peterson, Assistant Attorney General, Gary R. Allen, Ann B. Durney, Nancy G. Morgan, United States Department of Justice, Washington, D.C., for appellee.
 USTC
 AFFIRMED.
 Before SPROUSE, WILKINSON and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jack and Annetta Kushner appeal from a decision of the Tax Court finding that income on a trust set up by Mr. Kushner was attributable to him, resulting in deficiencies and additions to their federal income taxes. Because we find that Mr. Kushner should be treated as the beneficial owner of the trust pursuant to 26 U.S.C.A. §§ 671-79 (West 1988 & Supp.1991), and because the Kushners failed to establish substantial authority for their tax treatment of the trust's income, we affirm.
 
 
 2
 Mr. Kushner established the Jack Kushner Children's Trust by giving $100.00 to the trustee. He then procured a loan for $100,000 from a bank. This money was provided to the trust which invested it in a Eurodollar deposit account. In return, the trustee executed a demand note payable to Mr. Kushner for the $100,000. As security for the bank loan, Mr. Kushner pledged the demand note from the trust to the bank. Later, the trust repaid Mr. Kushner, and Mr. Kushner repaid the bank. Interest income was distributed to the Kushners' children through Ms. Kushner. Mr. Kushner then borrowed additional funds from the bank, channelling them through the trust into a Eurodollar account in the same manner, with the trust distributing the income to the Kushner children and the corpus to Mr. Kushner in repayment of his loan to the trust.
 
 
 3
 The income earned by the trust was reported on fiduciary returns filed by the trustee on behalf of the trust. The Commissioner determined that Mr. Kushner owned the trust, and that the Kushners had failed to report the income earned by the trust as part of their personal income.
 
 
 4
 The case was submitted to the Tax Court on a stipulated record. The Tax Court found that Mr. Kushner should be treated as the beneficial owner of the trust under 26 U.S.C. § 674(a); that the Kushners' failure to report it as such resulted in a "substantial understatement of income tax;" that there was not substantial authority for the Kushners' tax treatment of the trust; and that they are therefore liable for additions to tax under 26 U.S.C. § 6661 (1988). On appeal, we granted the Kushners' motion to decide the case without oral argument.
 
 
 5
 We have examined the Kushners' contentions and have determined their appeal to be without merit. We therefore affirm on the reasoning and authority of the Tax Court.
 
 
 6
 AFFIRMED.